CORNELIUS T. WILLEMEN, JR., and CARL VOELKER, Copartners, Doing Business under the Firm Name and Style of WILLEMEN & VOELKER, Respondents, v. BURKE BUILDING Co., INC., and Others, Defendants; LESTER V. ALLERS, Respondent; INTERBORO ASSOCIATES, INC., Appellant.— Order reversed on the law and the facts, without costs, and motion granted to the extent of striking out the first, second, fourth and fifth items from the terms of sale. We are of opinion that, since the appellant mortgagee was not made a party defendant to the action prior to the entry of the first judgment of foreclosure and sale, its interests were not affected by that judgment and, therefore, the incumbrances after such sale may not be preferred by making the sale under the new and proper judgment subject to them. Lazansky, P. J., Young, Kapper, Hagarty and Carswell, JJ., concur.

ERNEST DUCHESNEAU, Appellant, v. JAMES AUERBACH, Respondent.— Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ.

ERIT REALTY CORPORATION, Appellant, v. SEA GATE ASSOCIATION, Respondent. (" Gate " Action.) — Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ.

JULIA S. GREENHALL, on Her Own Behalf and on Behalf of All Others Similarly Situated, Respondent, v. LOUIS ROTHSCHILD and FRANCES S. ROTHSCHILD, Appellants.— Motion for reargument denied, with ten dollars costs. Motion for leave to appeal to the Court of Appeals denied. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.

MARIA ASSALONE, as Administratrix, etc., of DOMENICK ASSALONE, Deceased, Plaintiff, v. THOMAS HAZEL, Defendant, Impleaded with FORSYTHE BROS., INC., Respondent, and MILLER DAYBILL & Co., Appellant.— Order reversed on the law and the facts, with ten dollars costs and disbursements, and motion to bring in Miller Daybill & Co. as a defendant denied, with ten dollars costs, on the ground that the moving papers are insufficient to show that there was any indemnity agreement; and on the further ground that the facts in this case do not indicate that the discretion of the court in bringing in a new party should be exercised in the due administration of justice, for the result would be to confuse the issues and unduly delay the plaintiff in the trial of her action and in reaching the judgment to which she may be entitled. Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ., concur.

SALVATORE BATTAGLIA, Respondent, v. CARMELO MAZZA and Others, Defendants, Impleaded with KINGS HIGHWAY DEVELOPMENT Co., INC., Appellant, and SALVATORE BLANCAVILLA and Another, Respondents.— Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Carswell, Scudder and Davis, JJ.